People v Baly (2022 NY Slip Op 50008(U))

[*1]

People v Baly (Rami)

2022 NY Slip Op 50008(U) [73 Misc 3d 148(A)]

Decided on January 10, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through January 13, 2022; it
will not be published in the printed Official Reports.

Decided on January 10, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570207/17

The People of the State of New York,
Respondent,
against
Rami Baly, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Felicia A. Mennin, J. at trial; Laurie Peterson, J., at sentencing), rendered March 2,
2017, after a nonjury trial, convicting him of public lewdness and exposure of a person, and
imposing sentence.

Per Curiam.
Judgment of conviction (Felicia A. Mennin, J., at trial; Laurie Peterson, J., at sentencing),
rendered March 2, 2017, affirmed.
The accusatory instrument, which in this case was required to meet the standards that apply
to an information, was not jurisdictionally defective. The factual allegations in the information
suffice to establish a prima facie case of public lewdness (see Penal Law §
245.00[a]) and exposure of a person (see Penal Law § 245.01), and in particular
satisfy the "public place" element of the offenses. The information adequately described the
premises ("the doorway of a building inside Chelsea Park in open view to the public"),
defendant's conduct (masturbating with his pants lowered) and the surrounding circumstances
(facing the park where young children were present) to warrant the inference that defendant
committed lewd acts or intentionally exposed his genitals in a place where he would likely be
observed by casual passersby (see People v McNamara, 78 NY2d 626, 634 [1991]; People v Reynoso, 77 AD3d 528
[2010], lv denied 15 NY3d 955 [2010]).
The verdict was supported by legally sufficient evidence and was not against the weight of
the evidence (see People v
Danielson, 9 NY3d 342, 349 [2007]). There is no basis upon which to disturb the court's
determinations concerning credibility. The credited eyewitness testimony, which included the
detailed description of defendant's location, state of undress and conduct, was sufficient to
establish that he intended to expose the private or intimate parts of his body in a lewd manner, or
commit a lewd act in a public place (see Penal Law § 245.00[a]; People v Chang-Correa, 53 Misc 3d
126[A], 2016 NY Slip Op 51311[U][App Term, 1st Dept 2016]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 10, 2022